UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:21-cv-00086-FDW

| | |
|---|---|
| CHRISTOPHER RUMPLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Claimant Christopher Rumple's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 12, 13), and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 14, 15). Claimant, through counsel, seeks judicial review of an unfavorable administrative decision that he was not disabled within the meaning of the Social Security Act. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Claimant's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART, and the Commissioner's Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART. In so ruling, the Court DENIES AS MOOT the Commissioner's Motion to File a Supplemental Brief, (Doc. No. 16).

### I. BACKGROUND

Inn June 2018, Claimant filed a claim for a period of disability and disability insurance benefits under title II, and supplemental security income under title XVI, of the Act. (Tr. 12).

1

Claimant's alleged onset date is January 1, 2013. Id. Claimant's claims were denied initially and on reconsideration. Id. The ALJ held a hearing in September 2020. On November 12, 2020, the ALJ decided Claimant was not disabled within the meaning of the Act from January 1, 2013, through the date of his decision. (Tr. 12-26).

In particular, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since January 1, 2013, and at step two that Claimant had the following severe impairments: bipolar disorder and schizophrenia. (Tr. 15). The ALJ found at step three that Claimant had "moderate limitations" in "interacting with others;" "concentrating, persisting or maintaining pace;" and "adapting or managing oneself." (Tr. 15-16). The ALJ concluded that these mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, and that none of Claimant's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 15-17). Before proceeding to step four, the ALJ found that Claimant had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> he can perform simple, routine work; frequently interact with public, co-workers, and supervisors; sustain periods of concentration and persistence for periods of two hours at a time; and can work at a lowstress job, defined as one that requires only occasional work-related decisions and only occasional changes in the work setting.

(Tr. 17).

The ALJ found at step four that Claimant, aged 26 years old, did not have any past relevant work, (Tr. 24), and at step five that jobs existed in significant numbers in the national economy that Claimant could have performed. (Tr. 25). Thus, the ALJ decided that Claimant was not disabled within the meaning of the Act from January 1, 2013, through the date of the decision. Id. On April 7, 2021, the Appeals Council denied Claimant's request for review, making the ALJ's

November 2020 decision the Commissioner's final decision. (Tr. 1). Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The Fourth Circuit has defined "substantial evidence" as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.")

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. 20 C.F.R. § 404.1520(a); see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio, 780 F.3d at 634); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL

374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).

> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

5

### III. ANALYSIS

Claimant argues two errors on appeal: 1) the ALJ's RFC is incomplete, unexplained, and not supported by substantial evidence; and 2) the SSA's structure unconditionally violated separation of powers.

A.  Constitutionality of Commissioner's Decision

As a preliminary matter, the Court concludes the Commissioner's decision was not constitutionally defective. The Supreme Court has rejected the proposition that unconstitutional tenure protection for the head of an agency, without more, voids any agency action. See Collins v. Yellen, 141 S. Ct. 1761, 1787 (2021). Specifically, the Supreme Court explained, "the unlawfulness of [a] removal provision does not strip [a federal official] of the power to undertake the other responsibilities of his office." Id. at 1788 n.23. After Collins, "courts across the country have uniformly concluded that the allegedly unconstitutional nature of § 902(a)(3) does not require remand" absent some causal nexus to the ALJ's decision not to find a particular claimant disabled. Katrina R. v. Comm'r of Soc. Sec., 2:21-CV-4276, 2022 WL 190055, at *5 (S.D. Ohio Jan. 21, 2022) (collecting cases); see also Juliana Jolean A. v. Kijakazi, 5:20-CV-1268, 2022 WL 595361, at *4 (N.D.N.Y. Feb. 28, 2022) (collecting cases). Claimant's apparent argument—that an unconstitutional delegation of authority from the Commissioner to the ALJ demonstrates harm—lacks merit under Collins. See Harris v. Kijakazi, No. 21-1853, 2022 WL 2987928, at *3 (4th Cir. July 28, 2022) (rejecting constitutional claim where the claimant failed to demonstrate actual harm).

Here, Claimant argues that the SSA's structure is unconstitutional resulting in the denial of a constitutionally valid adjudication. Claimant, however, offers no evidence to show his case

would have been decided differently but for the removal restriction. Claimant theorizes a general harm rather than one "particularized to Claimant," Kaufmann, 32 F.4th at 850, and courts have found such generalized harms to be insufficient under Collins. Willis v. Kijakazi, No. 4:21-CV-60-M, 2022 WL 4242523, at *15 (E.D.N.C. Aug. 19, 2022) (collecting cases), report and recommendation adopted sub nom. Willis v. Kijakazi, No. 4:21-CV-00060-M, 2022 WL 4238060 (E.D.N.C. Sept. 14, 2022). Accordingly, Claimant has failed to show a causal nexus between the removal restriction and the denial of his application for disability benefits. Therefore, Claimant's constitutional arguments fail.

B.     ALJ's RFC Assessment

Next, Claimant argues the ALJ's RFC assessment fails to account for his deficits in concentration, persistence, and pace; difficulty interacting with others; and limitation to performing one to two step instructions. The ALJ's decision discusses significant evidentiary support for the RFC assessment, including the persuasive opinions of state agency consultants and the opinions of Drs. Harrison, Nelson, and Russell. However, the Court finds the ALJ failed to *fully* explain his RFC assessment, specifically as it relates to Claimant's moderate limitation for interacting with others and the decision to not include a limitation for one-to-two step instructions.

Remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review[.]" Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016) (citation omitted). For this Court to meaningfully review an ALJ's RFC assessment, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (citation omitted). The ALJ "must *both* identify evidence that supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion."

Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (emphases and alteration in original) (internal quotation marks omitted). Otherwise, the court is "left to guess about how the ALJ arrived at his conclusions" and cannot meaningfully review them. Mascio, 780 F.3d at 637.

Here, remand is appropriate so that the ALJ can fully explain Claimant's ability to "frequently" interact with others despite a moderate limitation in this area and explain why a limitation for the one-to-two step instructions is not included despite finding persuasive the State agency psychological consultants' opinions recommending it.

### III. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Claimant's application for disability benefits nor does the Court express any opinion on whether the ALJ's ultimate decision that Claimant was not disable is correct or incorrect. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).

Although the Court has summarily addressed some of Claimant's other assignments of error here,[1] the Court notes that remand provides the opportunity for the ALJ to modify any prior

---

[1] The Court is not *required* to address all assignments of error when remanding a case. See Brown v. Colvin, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue). The Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand, and in the interests of judicial efficiency, the Court has summarily done so here. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

8

basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that Claimant's Motion for Summary Judgment, (Doc. No. 12), is GRANTED IN PART AND DENIED IN PART; the Commissioner's Motion for Summary Judgment, (Doc. No. 14), is GRANTED IN PART AND DENIED IN PART; and the ALJ's determination is VACATED and REMANDED to the Commissioner for further proceedings consistent with this order.

IT IS FURTHER ORDERED that the Commissioner's Motion to File a Supplemental Brief, (Doc. No. 16), is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: September 22, 2022

Frank D. Whitney
United States District Judge

9

Case 5:21-cv-00086-FDW   Document 18   Filed 09/22/22   Page 9 of 9